UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Lutheran Association of Missionaries and Pilots, Inc., a Canadian corporation, | Civil No. 03-6173 (PAM/RLE) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Lutheran Association of Missionaries and Pilots, Inc., a Wisconsin corporation, and Donald Johnson, a Minnesota resident, | |
| Defendants. | |

The parties settled this matter in April 2005, with the exception of one issue. This single issue was briefed by the parties and submitted to the Court for disposition.

## BACKGROUND

The parties and the Court are versed in the facts and a resuscitation is not necessary. The single dispute that remains between the parties pertains to the ownership of testamentary gifts designated by donors in the United States, for the time period between January 3, 1985, and April 1, 2005. Plaintiff Lutheran Association of Missionaries and Pilots ("LAMP-Canada") requests that the Court appoint a special master to dispose of these testamentary bequests. Defendant Lutheran Association of Missionaries and Pilots ("LAMP-US") suggests that the Court refrain from any action, and at the most, appoint a special master to assist in resolving actual disputes relating to testamentary bequests, as directed by a probate court or other official estate administrator.

**DISCUSSION**

Testamentary bequests are rarely known prior to the donor's death, and do not become operative until the donor's death.  See e.g., In re Kerr's Estate, 433 F.2d 479, 485 (D.C. Cir. 1970).  There is no current dispute between the parties regarding the ownership of any testamentary bequest.  The Court's jurisdiction is limited to actual cases or controversies.  See U.S. Const. Art. III; see City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983).  The controversy must be definite and concrete.  See Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 239-40 (1937).  In this case, there is no current case or controversy regarding any testamentary bequests.  Accordingly, there is no dispute for the Court to resolve.

Furthermore, federal courts are courts of limited jurisdiction.  Issues relating to the administration of an estate or to the probate of a will are generally reserved for the probate courts of the states.  See, e.g., Markham v. Allen, 326 U.S. 490, 494 (1946).  Federal courts are generally not permitted to interfere with probate proceedings, nor may they assume general jurisdiction or control over property that is subject to probate disposition.  See id.; see also Sianis v. Jensen, 294 F.3d 994, 997 (8th Cir. 2002).  Thus, the Court finds that appointing a special master to resolve disputes that arise relating to future testamentary gifts exceeds the Court's power in this instance.

However, LAMP-Canada suggests that the Court order both parties to notify the other when a testamentary gift is discovered.  The Court finds that this request is appropriate to ensure that the intent of the donor is achieved.

**CONCLUSION**

Since the onset of this litigation, the Court has encouraged the parties to amicably resolve this dispute, to ensure that the underlying charitable missions of both organizations would continue. The Court commends counsel and the parties for their vigorous representation, but most importantly for their persistent resolve in settling this dispute. The Court believes that this settlement provides justiciable relief to both parties. Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Each party shall immediately notify the other party if and when a testamentary gift designated by donors in the United States for the period between January 3, 1985, and April 1, 2005, is discovered; and

2. Pursuant to the parties' executed stipulation entitled "Stipulation of Dismissal" (Clerk Doc. No. 303), this action is **DISMISSED with prejudice**, each party to bear its own costs.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: June 10, 2005

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge