UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lutheran Association of Missionaries and  Civil No. 03-6173 (PAM/RLE)
Pilots, Inc., a Canadian corporation,

           Plaintiff,

v.  **MEMORANDUM AND ORDER**

Lutheran Association of Missionaries and
Pilots, Inc., a Wisconsin corporation,

           Defendant.

This matter is before the Court on two Affidavits of Attorneys' Fees and Costs submitted by Defendant Lutheran Association of Missionaries and Pilots, Inc. For the reasons that follow, the Court awards $15,000.00 in attorneys' fees and costs to Defendant.

**BACKGROUND**

On April 19, 2006, Defendant moved for a finding of contempt against Plaintiff for violating the Court's Order of June 10, 2005.[1] On June 15, 2006, the Court ruled that Plaintiff was in contempt of the prior Order because Plaintiff failed to immediately notify Defendant of a testamentary gift, and awarded Defendant a fine in the amount of $5,000.00. Additionally, the Court permitted Defendant to provide an affidavit of costs and fees incurred in bringing the Motion for Contempt. The Court admonished Defendant, however, for attempting to

---

[1]In the June 10, 2005 Order, the Court ordered the parties to immediately notify each other when a testamentary gift was discovered to insure that the intent of the donor was achieved. However, the Court refused to appoint a special master to resolve disputes relating to future testamentary gifts because federal courts are not permitted to interfere with probate proceedings or to assume jurisdiction or control over property subject to probate disposition.

circumvent the previous Order by asking the Court to decide the donor's intent and award the exact amount of the bequest at issue, $20,000.00, as a penalty for the contempt. The Court declined to determine which party was entitled to the bequest because such a decision would be in direct contravention of the Court's prior Order and the law.

Defendant's attorney, Jeffrey M. Thompson, filed his Affidavit of Fees and Costs on June 22, 2006, requesting $26,779.56 for work performed by his firm. Defendant's attorney, Seth Perlman, filed his Affidavit of Fees and Costs the same day, requesting $14,398.88 for work performed by his firm. Together, the attorneys are seeking $41,178.44. Plaintiff objects to the amount.

**DISCUSSION**

Upon finding civil contempt, a court may levy a fine, order imprisonment, or award costs and fees. Chicago Truck Drivers v. Bhd. Labor Leasing, 207 F.3d 500, 505 (8th Cir. 2000). To arrive at the amount of attorneys' fees and costs warranted by the finding of contempt in this case, the Court begins by accounting for the simplicity of the issues related to the Motion for Contempt. The parties raised no complicated legal issues or treaded on grounds of unsettled law. The Court will also remain mindful that the amount of the fine was only $5,000.00.

Second, two firms worked on the Motion for Contempt, and the Affidavits reveal instances of unnecessary and duplicative fees. For example, both Thompson's firm and Perlman's firm billed for drafting the reply memorandum. Thompson's firm spent more than fifty hours and incurred over $12,000.00 in preparing the reply brief, while Perlman's firm

spent more than twenty-five hours and incurred over $8,200.00. Considering the length and substance of the reply memorandum, the Court cannot accept the amount of time spent by the firms on this memorandum. Similarly, both firms billed for drafting the memorandum in support of the Motion. The Court is unable to discern the extent of the overlaps because the billing records often do not reflect which firm addressed which issue. The Court also deems the amount of time spent by the two firms reviewing each other's work and corresponding with each other to be excessive and unwarranted. Consequently, the Court will reduce the award of costs and fees.

Further, Defendant is entitled to recover only for the part of its Motion related to the finding of contempt for Plaintiff's failure to comply with the notification provision of the June 10, 2005 Order. A significant portion of Defendant's memorandum in support, the reply memorandum, and the supporting declarations dealt with issues on which Defendant did not prevail, most notably the issue of which party was actually entitled to the testamentary gift. The Court will therefore also reduce the award of costs and fees on this basis.

After considering the parties' positions, the Affidavits, and the underlying Motion for Contempt, the Court finds that the amounts requested by Defendant's lawyers are wildly disproportionate to the merits of the Motion and the results obtained. The Court therefore reduces the award to $15,000.00. The Court leaves the division of the award to Defendant's attorneys.

**CONCLUSION**

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff must pay $15,000.00 in attorneys' costs and fees to Defendant by July 14, 2006.

Dated: June 30, 2006

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge
